JIM P. DOWELL & CO. v. J. J. BROOKS & CO. (No. 8867.) *

(Court of Civil Appeals of Texas. Dallas. June 30, 1923. Rehearing Denied Oct. 20, 1923.)

Sales ⬅161—Seller of cotton held not entitled to recover losses occasioned by refusal of purchaser to accept draft not accompanied by bill of lading.

Where a seller of cotton to be delivered f. o. b. cars at a certain point drew on the purchaser, accompanying the drafts by compress receipts rather than bill of lading, and after refusal of payment made shipment as required and was promptly paid, it could not recover extra demurrage, insurance premiums, and interest occasioned by the purchaser's refusal of the first draft, nor could it excuse its failure to attach bill of lading on the grounds of lack of shipping instructions, same being sufficiently supplied by the contract.

Appeal from District Court, Collin County; Silas Hare, Judge.

Action by Jim P. Dowell & Co. against J. J. Brooks & Co. Judgment for defendant, and plaintiff appeals. Affirmed.

Mort W. Muse, of McKinney, for appellant. Truett & Neathery, of McKinney, for appellee.

JONES, C. J. Appellant, Jim P. Dowell & Co., a corporation with its principal office at McKinney, Tex., and appellee, J. J. Brooks & Co., a corporation with its principal office in the city of Kaufman, Tex., entered into a contract on the 29th day of October, 1920, whereby appellant agreed to deliver to appellee 400 bales of cotton at 23 cents per pound, basis middling, other grades at differences stated in said contract, said cotton to be delivered by appellant f. o. b. cars at McKinney, Tex., in accordance with the rules of the Texas Cotton Association. Delivery to be to A. H. Richardson & Co., Dallas, Tex., not later than November 15, 1920, appellant to draw on appellee for the purchase price of the cotton with bill of lading attached to the draft.

Appellant drew its drafts on appellee on November 18, 1920, but did not attach to said drafts the bill of lading, but, in lieu thereof, attached its compress receipts. When these drafts were presented to appellee it refused payment of same for the reason that the drafts, four in number, were not accompanied by the bill of lading. The aggregate of these drafts was $50.009.39.

Thereafter, on December 1, 1920, appellant delivered said cotton f. o. b. at McKinney, Tex., to A. H. Richardson & Co., and procured a bill of lading therefor, and drew draft in payment for said 400 bales of cotton on A. H. Richardson & Co. in the sum of $55,409, less one-fourth of 1 per cent. exchange, which draft was promptly paid. The net amount of this draft exceeded the net amount of the first draft drawn by $356.39.

The term "f. o. b. McKinney, Tex.," under the cotton association rules, means that the cotton should be loaded on the cars at McKinney, Tex., free from all compress, demurrage, yardage, and other charges. If appellee had paid the four drafts presented to it on November 18, 1920, it would have been held for these charges, and appellant would not have been charged with them.

Appellant brought this suit to recover extra demurrage, amounting to $453.25, alleged to have been occasioned by the delay incident to appellee's turning down the drafts; also for $75 for premium on insurance alleged to have been made necessary by the same delay, and $250 for interest on the amount of the purchase price of the cotton for the time of this said delay; the said items amounting to $778.25.

The case was tried before the court without a jury, and the court made findings of fact substantially as stated above, and, on these findings of fact, concluded that appellant was not entitled to recover any of the items of damages which formed the basis of the suit, and entered judgment accordingly. This conclusion of the trial court is based upon the assumption that the extra demurrage, the interest on the purchase price, and the extra cost of insurance, were all due to appellant's failure to secure a bill of lading for the cotton and attach it to the drafts as provided in the contract, and that, by reason of this failure, appellee was within its rights when it declined to pay the drafts when they were presented.

These findings of fact and this conclusion of law are attacked by appellant by appropriate assignments of error. There is ample evidence to sustain the trial court in the findings made. Under the undisputed evidence it was appellant's duty to have the cotton placed free on board the cars at McKinney, and, until this was done, appellee could decline to receive the cotton, and decline to pay appellant's drafts. It is urged that the delay was occasioned by failure of appellee to give shipping instructions, but it is specifically stated in the contract that the cotton was to be delivered to Richardson & Co., and this was a sufficient warrant to place the cotton on board the cars consigned to Richardson & Co., and have a bill of lading issued therefor in conformity to the contract, just as appellant later did.

The assignments of error are overruled, and the case is affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 28, 1923.